# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**ROY DARRELL BURNS,**

    **Petitioner**

v.                                              **Civil Action No. 5:11cv81**
                                                            **(Judge Stamp)**

**WARDEN KUMA DEBOO,**

    **Respondent.**

## REPORT AND RECOMMENDATION

The *pro se* petitioner initiated this § 2241 habeas corpus action on June 9, 2011. [Dckt. 1] In the petition, the petitioner seeks credit toward his federal sentence for time served in state custody. Id. at 6-7. Specifically, the petitioner asserts that he is entitled to credit toward his federal sentence for 653 days he spent in state custody that was not credited against a state sentence.

On June 20, 2011, after the petitioner paid the required $5.00 filing fee [dckt. 7], the undersigned conducted a review of the petition, determined that summary dismissal was not warranted at that time, and directed the respondent to show cause why the petition should not be granted. [Dckt. 8]

The respondent filed a Motion to Dismiss, or in the Alternative, Motion for Summary Judgment, on July 14, 2011. [Dckt. 9] In the motion, the respondent asserts that upon receipt of the petition, the Bureau of Prisons ("BOP") conducted a review of the petitioner's sentence computation and determined that during his criminal proceedings, the petitioner was in primary federal custody. Accordingly, the sentence has been calculated to commence on the date it was imposed, specifically

April 15, 2009. In addition, he has been granted prior custody credit for the time period beginning January 8, 2008, the date he was arrested by federal authorities, and ending April 14, 2009, the date prior to the commencement of his federal sentence. Accordingly, the respondent argues that the petitioner has received all the credit to which he is entitled, and the case should be dismissed as moot.[1]

On July 19, 2009, the Court issued a Roseboro Notice, advising the petitioner of his right to file a response to the respondent's motion within twenty-one (21) days. [Dckt. 13] As of the date of this Report and Recommendation, the petitioner has not filed a response.

Article III of the United States Constitution, limits the jurisdiction of the federal courts to cases or controversies. Therefore, a case becomes moot when there is no viable legal issue left to resolve. See Powell v. McCormick, 395 U.S. 486, 496 (1969). If developments occur during the course of a case which render the Court unable to grant a party the relief requested, the case must be dismissed as moot. Blanciak v. Allegheny Ludlum Co., 77 F.3d 690, 698-699 (3d Cir. 1996).

In the petition, the petitioner seeks credit on his federal sentence for time spent in custody beginning January 8, 2008. After the filing of the petition, the BOP reviewed the petitioner's sentence computation, and recalculated his sentence by commencing it on the date it was imposed on April 15, 2009, and giving him additional credit for time spent in custody from January 8, 2008, until April 14, 2009.[2] This is precisely the relief which the petitioner requested. Thus, it appears that

---

[1] In his memorandum attached to the petition, the petitioner specifically indicates that January 8, 2008, was the beginning date for which he was seeking custody. (Dckt. 1-1. P. 3)

[2] In general, a federal sentence commences "on the date the defendant is received in custody awaiting transportation to, or arrives voluntarily to commence service of sentence at, the official detention facility at which the sentence is to be served." 18 U.S.C. § 3585(a). In this case, however, the petitioner was not in BOP custody until February 17, 2010. (Dckt. 11-1, p. 4). Therefore, by

2

there is no viable legal issue left for the court to resolve. That being the case, the respondent's Motion to Dismiss or for Summary Judgment [dckt. 9] should be **GRANTED** and the petitioner's § 2241 petition [dckt. 1] **DISMISSED** from the active docket of this Court.

Within **fourteen (14) days** after being served with a copy of this Report and Recommendation, any party may file with the Clerk of the Court, written objections identifying those portions of the recommendation to which objections are made, and the basis for such objections. A copy of such objections shall also be submitted to the Honorable Frederick P. Stamp, United States District Judge. Failure to timely file objections as set forth above will result in the waiver of the right to appeal from a judgment of this Court based upon this recommendation. 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).

The Clerk is directed to send a copy of this Report and Recommendation to the *pro se* petitioner by certified mail, return receipt requested, to his last known address as shown on the docket, and to counsel of record via electronic means.

DATED: 17 August 2011

*John S. Kaull*
JOHN S. KAULL
UNITED STATES MAGISTRATE JUDGE

---

commencing his sentence computation on April 15, 2009, and awarding him jail credit from January 8, 2008 through April 15, 2009, the petitioner has received at least the 653 days he sought in his petition.

3