```
                IN THE UNITED STATES DISTRICT COURT
              FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
```

ROY DARRELL BURNS,

       Petitioner,

v.                                    Civil Action No. 5:11CV81
                                                        (STAMP)
WARDEN KUMA DEBOO,

       Defendants.

### MEMORANDUM OPINION AND ORDER AFFIRMING AND ADOPTING REPORT AND RECOMMENDATION OF MAGISTRATE JUDGE,

I.  Procedural History

On June 9, 2011, the pro se[1] petitioner, Roy Darrell Burns ("Burns"), initiated this § 2241 habeas corpus action. In his petition for habeus corpus, Burns argues that he has been denied credit toward his federal sentence to which he is entitled as a result of 653 days that he spent in custody that was not credited toward a state sentence.  The action was referred to United States Magistrate Judge John S. Kaull for initial review and report and recommendation pursuant to Local Rule of Prisoner Litigation Procedure 2.

After a preliminary review of the petition, Magistrate Judge Kaull found that summary dismissal was not appropriate, and thus he directed the respondent to show cause why the petition should not be granted. The respondent then filed a motion to dismiss, or in

---

[1] "Pro se" describes a person who represents himself in a court proceeding without the assistance of a lawyer.  Black's Law Dictionary 1341 (9th ed. 1999).

the Alternative, Motion for Summary Judgment, and, because the plaintiff is proceeding pro se, the magistrate judge issued a Roseboro[2] notice. In the respondent's motion, evidence is provided that the Bureau of Prisons conducted a review of the petitioner's original sentencing computation and that the petitioner has been granted prior custody credit for the time period beginning January 8, 2008 and ending April 14, 2009, the time that he was in custody before his federal sentencing. The petitioner specifically sets forth January 8, 2008 as the beginning-date for which he is seeking credit. Thus, the respondent argues, the petitioner's case should be denied as moot.

The plaintiff did not file a response to the respondent's motion. On August 18, 2011, Magistrate Judge Kaull issued his report and recommendation recommending that this Court grant the respondent's motion to dismiss, or in the alternative, motion for summary judgment, deny the plaintiff's § 2241 petition as moot, and dismiss this action with prejudice.

The magistrate judge informed the parties that if they objected to any portion of the report and recommendation, they were required to file written objections within fourteen days after being served with copies of the report. Neither party filed objections.

## II.  Facts

---

[2]Roseboro v. Garrison, 528 F.2d 309, 310 (4th Cir. 1975) (finding that the court must inform a pro se plaintiff of his right to file material in response to a motion for summary judgment).

2

The petitioner was arrested on federal charges on January 8, 2008 and was sentenced to 132 months in custody by the United States District Court for the Eastern District of Kentucky on April 15, 2009. He had previously been sentenced on April 18, 2008 to a ten year term of imprisonment by the Commonwealth of Kentucky, and it was determined that this state sentence would run concurrently with his federal sentence. Records of the Commonwealth of Kentucky indicate that the petitioner was in custody at Laurel Detention Center from January 8, 2008, the day of his arrest on federal charges, until October 21, 2009, a total of 653 days.

### III.  Applicable Law

As there were no objections filed to the magistrate judge's recommendation, the findings and recommendation will be upheld unless they are "clearly erroneous or contrary to law."  28 U.S.C. § 636(b)(1)(A).

### IV.  Discussion

In his report, the magistrate judge found that, based upon the information submitted by the respondent in this case, taken in conjunction with the relief sought by the petitioner and the information that Burns provided in support of his petition, the § 2241 petition for relief should be denied as moot because Burns has already been granted the time sought in the petition. Federal courts do not have jurisdiction to decide a case that has become moot, because it is no longer a "case or controversy" under the meaning of Article III of the United States Constitution. A case

is moot "when the issues presented are no longer 'live.'" Powell v. McCormack, 395 U.S. 486, 496 (1969). This court does not find clear error in Magistrate Judge Kaull's determination, and thus affirms and adopts the opinion that the petition must be denied as moot.

The respondent in this case presents clear evidence that the Bureau of Prisons revisited the petitioner's sentence and recalculated it as beginning on January 8, 2008, as the petitioner requested. The petitioner requests additional credit of 653 days from January 8, 2008 until October 21, 2009. However, Burns was sentenced by the United States District Court for the Eastern District of Kentucky on April 15, 2009, thus his sentence had already been deemed to have begun on this date. Accordingly, in granting the petitioner credit for January 8, 2009 through April 14, 2009, the relief sought by this petition has been received and this case has been mooted.

## V. Conclusion

Because the parties have not objected to the report and recommendation of the magistrate judge, and because this Court finds that the magistrate judge's recommendation is not clearly erroneous, the ruling of the magistrate judge [Dckt # 16] is hereby AFFIRMED and ADOPTED in its entirety. Accordingly, the defendants' motion to dismiss, or in the alternative, motion for summary judgment [Dckt # 9] is GRANTED. The petitioner's petition for Writ of Habeus Corpus under 28 U.S.C. § 2241 [Dckt #1] is

DENIED. It is further ORDERED that this case be DISMISSED WITH PREJUDICE and STRICKEN from the active docket of this Court.

Finally, this Court finds that the petitioner was properly advised by the magistrate judge that failure to timely object to the report and recommendation in this action would result in a waiver of appellate rights.  Because the petitioner has failed to object, he has waived his right to seek appellate review of this matter.  See Wright v. Collins, 766 F.2d 841, 844-45 (4th Cir. 1985).

IT IS SO ORDERED.

The Clerk is directed to transmit a copy of this order to the pro se petitioner by certified mail and to counsel of record herein. Pursuant to Federal Rule of Civil Procedure 58, the Clerk is directed to enter judgment on this matter.

DATED:    October 19, 2011

/s/ Frederick P. Stamp, Jr.
FREDERICK P. STAMP, JR.
UNITED STATES DISTRICT JUDGE